OF THE

## STATE OF ILLINOIS,

DELIVERED

### DECEMBER TERM, 1839, AT SPRINGFIELD.

CONTINUED FROM VOL. I.

---

CORNELIUS C. VAN HORN, plaintiff in error, *v.* WILLIAM JONES, HENRY B. CLARK, and BYRAM KING, defendants in error.

*Error to the Municipal Court of the City of Chicago.*

The same averments are necessary to give the Municipal Court of the city of Chicago jurisdiction, when it sends its process to a foreign county, that would be requisite in a like case, in a Circuit Court.

An averment of the residence of the plaintiff, and that the cause of action accrued, or that the contract was specifically made payable, in the county where suit is instituted, is necessary where process is sent to a foreign county.

The act abolishing the Municipal Court of the city of Chicago, has no application to a case where process is sent to another county.

J. Y. SCAMMON, I. N. ARNOLD, and M. D. OGDEN, for the plaintiff in error.

JUSTIN BUTTERFIELD, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced by Jones, King, and Clark against Van Horn, in the Municipal Court of the city of Chicago. The summons was directed to the sheriff of Will county, and by him served on the defendant below. The declaration contains a count for goods sold and delivered, and the common money counts, but does not contain any averment that the plaintiffs were residents of the county of Cook, or that the contract was specifically made payable in that county.

Judgment was rendered by default against the defendant, the plaintiff in error in this Court.

Without intending to decide whether the Municipal Court of the city of Chicago could send its process into any other county than that of Cook, it is clear that when it does, the same averments must be made to give the Municipal Court jurisdiction, that are necessary to give a Circuit Court jurisdiction in like cases.

This Court has repeatedly decided that the Circuit Court of any county cannot send its process to another county, unless the declaration contains an averment that the cause of action accrued in the county where the plaintiff resides, and in which the suit is brought, or that the contract upon which the suit is instituted, is specifically made payable in the county in which the action is commenced.

It was, however, suggested by the counsel for the defendants in error, that the act repealing a part of the " *Act to incorporate the City of Chicago,*"(1) which provides " That it shall be no ground of error in or to any judgment heretofore rendered in the said Municipal Court, that it does not appear by the record or proceedings that the defendant resided in the said county of Cook," has cured the error.

This provision of the act has no manner of application to the objection raised to the declaration in this cause.   The error relied on is, that the Municipal Court had no jurisdiction over the person of the defendant, the declaration containing none of the averments above mentioned, and the defendant being a resident of another county.   The judgment of the Court below is therefore reversed with costs.

*Judgment reversed.*

(1)  Acts of Incorporation of 1838 – 39.